## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| WILFRED CARL HUDSON,<br><br>                        Petitioner,<br><br>v.<br><br>STEVE HAMMER, *Warden*,<br><br>                        Defendant. | Civil No.  16-3017 (JRT/TNL)<br><br>**MEMORANDUM<br>OPINION AND ORDER** |

Wilfred Carl Hudson, No. 161392, Stillwater Correctional Facility, 970 Pickett Street, Bayport, MN  55003, *pro se* petitioner.

Lori H. Conroy, Assistant Clay County Attorney, **CLAY COUNTY STATE'S ATTORNEY'S OFFICE**, 807 North Eleventh Street, P.O. Box 280, Moorhead, MN  56561, for defendant.

Petitioner Wilfred Carl Hudson, presently incarcerated at the Stillwater Correctional Facility, filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 against Warden Steve Hammer.  Hammer filed a motion to dismiss, and the Magistrate Judge issued a Report and Recommendation ("R&R") that Hudson's Petition be dismissed because his claims are procedurally barred.  When Hudson failed to file objections within 14 days, the Court issued an Order adopting the R&R and dismissing the Petition.  The Court subsequently stayed that Order to allow Hudson to file two motions, one for leave to appeal and one for a certificate of appealability.  The Court will construe them as objections to the R&R, overrule the objections, deny the motions, and reaffirm its previous Order.

## BACKGROUND

In 2013, Hudson was convicted on three counts of first degree criminal sexual conduct for crimes against his daughter. (Pet. at 1-2, Sept. 8, 2016, Docket No. 1.) He was sentenced to concurrent sentences of 360 months, 201 months, and 172 months. *State v. Hudson*, No. A13-1338, 2015 WL 4393325, at *1 (Minn. Ct. App. July 20, 2015), *review denied* (Oct. 20, 2015). On state post-conviction appeal, Hudson argued (as relevant here) that a detective impermissibly vouched for the credibility of the victim, and that testimony from a new witness was newly discovered evidence entitling him to a new trial. *Id.* at *4-5, 7. The Court of Appeals found that "the record reasonably supports the district court's credibility findings" and affirmed his sentence. *Id.* at *5, 7-8. The Minnesota Supreme Court denied review.

Hudson then filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254. (Pet.) Hudson asserts four grounds for relief in the Petition: first, that he was denied due process when the detective impermissibly vouched for the victim's credibility; second, that he was denied due process when the trial court refused him a new trial; third, that he was denied due process when the trial court impermissibly vouched for the victim's credibility; and fourth, that he was denied effective assistance of trial counsel. (*Id.* at 5-11.)

Hammer filed a motion to dismiss Hudson's petition, arguing that Hudson was procedurally barred from raising the third and fourth arguments and that the first and second should be denied on the merits. (Mot. to Dismiss, Dec. 6, 2016, Docket No. 11.) Hudson filed a motion to grant his petition. (Mot. to Grant, Mar. 20, 2017, Docket No.

21.) The Magistrate Judge issued an R&R recommending that the Petition be dismissed because all four grounds are procedurally barred and that a certificate of appealability not issue. (R&R, July 25, 2017, Docket No. 27.) Because Hudson did not file objections within 14 days, the Court issued an Order adopting the R&R. (Order, Aug. 11, 2017, Docket No. 28.) The Court subsequently granted Hudson's motion for a time extension and stayed its Order due to a prison lockdown. (Order, Sept. 18, 2017, Docket No. 35.)

Hudson has now filed Motions for Leave to Appeal and for a Certificate of Appealability. (Mot. Leave to Appeal ("Mot."), Aug. 15, 2017, Docket No. 32; Mot. Certificate of Appealability ("2d Mot."), Sept. 27, 2017, Docket No. 36.) In both, Hudson argues that evidence he received after his trial, direct appeal, and state post-conviction proceedings proves his innocence. (Mot. at 2-3; 2d Mot. at 2-3.) Specifically, Hudson received the victim's medical records on February 14, 2014, address verification forms on June 5, 2016, and supplemental police reports on January 31, 2017. (2d Mot. at 2-3.) Notably, Hudson does not allege that any evidence was received after March 20, 2017, when he filed the motion to grant his § 2254 petition. (*See id.*; Mot. to Grant.)

## DISCUSSION

### I.   STANDARD OF REVIEW

Upon the filing of a report and recommendation by a magistrate judge, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The objections should specify the portions of the magistrate judge's report and

recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). "Objections which are not specific but merely summarize or repeat arguments presented to and considered by a magistrate judge are not entitled to de novo review, but rather are reviewed for clear error." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015).

## II.   HUDSON'S SUBMISSIONS

With one exception, Hudson's filings do not contain specific objections meriting de novo review. Hudson's briefing in support of his motions merely reiterates the arguments he made in his submissions to the Magistrate Judge. (*See* Mem. Supp. Mot. Leave to Appeal ("Mem."), Aug. 15, 2017, Docket No. 33.) Because these objections merely repeat prior arguments, they are not proper, and so the R&R is reviewed for clear error with regard to them. Hudson's pro se motions themselves, construed liberally, raise one proper objection meriting de novo review: that Hudson's claims are not procedurally barred because new evidence proves his innocence.

## III.   PROCEDURAL DEFAULT

The Magistrate Judge concluded that Hudson has procedurally defaulted on his claims because Minnesota's procedural rules would preclude a hearing on their merits. (R&R at 13-14, 17.) Federal habeas review of procedurally defaulted claims is barred

unless the prisoner can demonstrate (1) "cause for the default and actual prejudice," or (2) that failure to consider the claims will result in a "fundamental miscarriage of justice" because the prisoner is actually innocent. *Turnage v. Fabian*, 606 F.3d 933, 941 (8th Cir. 2010) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). The Magistrate Judge concluded that Hudson has demonstrated neither. (R&R at 17-21.)

Hudson argues that the victim's medical records, address verification forms, and supplemental police reports are "very critical" to his case and "would have given the jury a different verdict" if they were available at the time of trial. (2d Mot. at 3.) The supplementary reports in particular, he says, "prove beyond a reasonable doubt that Hudson is innocent." (Mot. at 2.) To the extent that Hudson advances a "free-standing claim[] of actual innocence as a basis for habeas review," his claim is not cognizable. *Meadows v. Delo*, 99 F.3d 280, 283 (8th Cir. 1996). However, construing Hudson's pro se filings liberally, the Court understands Hudson to be arguing that the materials are new evidence of innocence such that it would be a miscarriage of justice not to consider his claims. That is, Hudson argues that the evidence is new, and that it so undermines the eight-year-old victim's credibility that, absent the underlying constitutional violations he alleges, the jury would have acquitted him. The Court disagrees.

"The requirements to establish the requisite probability of innocence are high." *Osborne v. Purkett*, 411 F.3d 911, 920 (8th Cir. 2005). First, the prisoner must show that the evidence is actually new. "[E]vidence is new only if it was not available at trial and could not have been discovered earlier through the exercise of due diligence." *Amrine v. Bowersox*, 238 F.3d 1023, 1029 (8th Cir. 2001). Second, the prisoner must show "that it

is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). Hudson does neither.

First, Hudson's conclusory statement that the evidence "was not cognizable at the time of [his] trial" is unpersuasive in the absence of any argument as to why. Although Hudson brought an ineffective assistance of counsel claim against his trial counsel, he did not allege that trial counsel failed to diligently pursue the evidence at issue. Hudson does allege that his appellate public defender declined to seek out the material, but that establishes only that it was not available at trial – not that it could not have been discovered through due diligence. *See Amrine*, 238 F.3d at 1029. It is apparent from the nature of the evidence that it existed at the time of trial, and the fact that Hudson discovered it pro se suggests that it would have been discovered earlier had counsel diligently pursued it. *See Osborne*, 411 F.3d at 920. And, to the extent that the evidence challenges the credibility of the victim, it was duplicative of other evidence that Hudson advanced at trial. *See Hudson*, 2015 WL 4393325, at *5 (noting that Hudson challenged the victim's credibility in closing argument). As such, the evidence is not "new."

Second, Hudson does nothing to substantiate his conclusory statement that the evidence would have led a reasonable jury to acquit him. Examples of evidence that may establish actual innocence include admissions of guilt by another party, trustworthy eyewitness accounts, and exculpatory scientific evidence. *Amrine v. Bowersox*, 128 F.3d 1222, 1228 (8th Cir. 1997) (citing *Schlup*, 513 U.S. at 322-24). In stark contrast, all Hudson's evidence does is highlight contradictions in the victim's testimony that were already drawn out at trial. For instance, Hudson argues that the address verification

forms contradict her testimony about where the abuse occurred. (Mem. at 4.) Likewise, he argues that the supplemental police reports reveal contradictions in her statements to police. (Mem. at 11.) The jury heard testimony from both the victim and Hudson at trial and made its own assessment of their relative credibility. *Hudson*, 2015 WL 4393325, at *5. Given the child's age and apparent fear of testifying, the contradictions highlighted by the additional evidence do not add much probative weight to the arguments Hudson made at trial as to her credibility. *See id.*; *Sather v. Dooley*, No. 10-3080, 2012 WL 1005012, at *3 (D. Minn. Mar. 26, 2012). The evidence is not nearly so significant as to demonstrate "no juror, acting reasonably, would have voted to find [Hudson] guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 329. As such, Hudson has not demonstrated that a fundamental miscarriage of justice would result from a failure to consider his barred claims.

Based on an independent review of the record, the Court finds no clear error in the Magistrate Judge's other conclusions. Accordingly, the Court will dismiss the Petition.

## IV.   CERTIFICATE OF APPEALABILITY

The Court may grant a Certificate of Appealability only where the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The movant must show that "the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 883 (8th Cir. 1994). For purposes of appeal under § 2253, the Court finds that Hudson has not shown that reasonable jurists would

find the issues raised in his Petition debatable, that some other court would resolve the issues differently, or that the issues deserve further proceedings. Therefore, the Court declines to grant a Certificate of Appealability.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Petitioner's objections [Docket Nos. 32 & 36] and **ADOPTS** the Report and Recommendation of the Magistrate Judge [Docket No. 27].  **IT IS HEREBY ORDERED** that:

1. Petitioner's Motions for Leave to Appeal [Docket No. 32] and for a Certificate of Appealability [Docket No. 36] are **DENIED**.

2. Petitioner's Motion to Grant Petition [Docket No. 21] is **DENIED**.

3. Respondent's Motion to Dismiss Petition [Docket No. 11] is **GRANTED**.

4. The Petition under U.S.C. § 2254 for Writ of Habeas Corpus by Person in State Custody [Docket No. 1] is **DISMISSED with prejudice**.

5. For the purpose of appeal, the Court does **NOT** grant a Certificate of Appealability under 28 U.S.C. § 2253(c)(2).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: January 3, 2018　　　　　　　_____s/John R. Tunheim_____
at Minneapolis, Minnesota.　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　United States District Court